# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALARIC F. SIMON,

        Plaintiff,           :        Case No. 3:05-cv-191

                          :        District Judge Thomas M. Rose
   -vs-                                Chief Magistrate Judge Michael R. Merz

MIAMI COUNTY INCARCERATION
 FACILITY, et al.,

                          :

        Defendants.

## ORDER FOR ISSUANCE OF PROCESS

This action is before the Court for review prior to issuance of process. Plaintiff is a prisoner within the meaning of 28 U.S.C. §1915A(c). §1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> (a) Screening -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. §1915(e)(2) to read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

1

Dockets.Justia.com

>(A) the allegation of poverty is untrue; or
>(B) the action or appeal --
>(i) is frivolous or malicious;
>(ii) fails to state a claim upon which relief can be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both §1915A and §1915(e)(2). *McGore v. Wrigglesworth,* 114 F. 3d 601 (6th Cir., 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin).

A complaint is frivolous under 28 U.S.C. §1915 if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); the language of §1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 118 L. Ed. 2d at 349.

The test for dismissal for failure to state a claim is also well established:

>[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Neitzke v. Williams,* 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Nishiyama v. Dickson Cty.*, 814 F. 2d 277 (6th Cir. 1987)(en banc); *Collins v. Nagle*, 892 F. 2d 489 (6th Cir. 1989).

Plaintiff herein has named forty-three Defendants in their individual and official capacities. He has asserted that all of them have conspired to deny him incarceration which is free of racial bias. Some of them he alleges have displayed deliberate indifference to his diabetes. Some he alleges have deprived him of his right to free exercise of religion. Some he alleges have conspired to deny

him access to the courts, his right to receive mail, or his right to use the telephone without being subjected to conspiratorially-inflated charges. Some of the claims made in the Complaint may not state a claim upon which relief can be granted, but it is impossible at this stage of the proceedings to sort that out.

Accordingly, it is hereby ORDERED that the Clerk issue process in this case to the extent summonses and United States Marshal forms for such service have been furnished by Plaintiff. Plaintiff will have to complete all necessary forms for all Defendants and send them to the Clerk so that process can be served not later than 120 days from filing of the Complaint (September 24, 2005).

June 1, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

H:\DOCS\Simon v. MCIF 01.wpd