# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALARIC F. SIMON,

        Plaintiff,   :  Case No. 3:05-cv-191

  - vs -                        District Judge Thomas M. Rose
                                   Chief Magistrate Judge Michael R. Merz

MIAMI COUNTY INCARCERATION
 FACILITY, et al.,

        Defendants.   :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion to Dismiss by Defendants Compass Group USA, Inc., (sued herein as Canteen Correctional Food Services) and its employee sued herein as "Supervisor Mike" (Doc. No. 20). These Defendants seek dismissal under Fed. R. Civ. P. 12(b)(2) and 12(b)(5) for lack of jurisdiction of the person and improper service of process.

Plaintiff was duly notified on October 11, 2005, of his duty to respond to the Motion not later than October 30, 2005 (Doc. No. 23). Despite such notice, he has not responded.

The Defendants' Motion makes it clear that these two Defendants have not been properly served with process. The United States Marshal's Return of Service shows that the Summons for each of the moving Defendants was served by leaving a copy with "Captain Cooper" at the Miami County Incarceration Facility, which is the place where Plaintiff instructed service of process be made. Under Fed. R. Civ. P. 4, such service is not proper as to Supervisor Mike because it was not delivered to him personally nor left at his residence. As to the corporate Defendant, there is no showing that Captain Cooper is either a designated agent for service of process or a managing or

general agent of the corporation.

In addition to failing to respond to the Motion, Plaintiff has also failed to make any additional attempt to serve process on these parties. Plaintiff was notified at the time he was given permission to process *in forma pauperis* that service was required to be complete by September 24, 2005, 120 days after the Complaint was filed.

It is accordingly respectfully recommended that the Complaint herein be dismissed without prejudice as to the moving Defendants.

November 28, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).