# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALARIC F. SIMON,

:

       Plaintiff,                        Case No. 3:05-cv-191

:                District Judge Thomas M. Rose
   -vs-                                    Chief Magistrate Judge Michael R. Merz

MIAMI COUNTY INCARCERATION
 FACILITY, et al.,

:

       Defendants.

---

### SUPPLEMENTAL REPORT AND RECOMMENDATIONS; ORDER STRIKING PORTIONS OF PLAINTIFF'S MEMORANDUM IN OPPOSITION

---

This case is before the Court on Plaintiff's Opposition to Defendants' Motion to Dismiss or for Summary Judgment (Doc. No. 38).

The only motion to dismiss currently pending before the Court is that of Canteen Correctional Food Services and its supervisor at the Miami County Incarceration Facility (Doc. No. 20). That Motion is based on lack of personal jurisdiction and failure to serve process on it. The Motion was filed and served October 5, 2005, and Plaintiff was promptly notified of his obligation to respond by October 30, 2005 (Doc. No. 23). When he failed to respond for almost a month after the due date, the Magistrate Judge recommended that the Motion be granted (Report and Recommendations, November 28, 2005, Doc. No. 32). In the Report and Recommendations, Plaintiff was advised that objections were due by December 15, 2005. On December 30, 2005, Plaintiff sought and received an extension of time to file objections (Doc. No. 36 and notation order). Insofar as the Court can tell, the present "Opposition," filed January 13, 2006, constitutes Plaintiff's objections.

1

The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

Nothing in Plaintiff's Opposition even speaks to the grounds on which Canteen Food Services and its supervisor seek dismissal; Plaintiff says nothing about the fact, evident from the docket, that these parties have not been properly served with process.  Accordingly, it is again respectfully recommended that the claims against them be dismissed without prejudice for lack of service of process.

Instead of actually speaking to the defenses raised by the moving defendants, Plaintiff has included in his Opposition a number of requests for admissions and document requests.  Pursuant to Fed. R. Civ. P. 5(d), it is improper to include those matters in a filing with the Court; they must instead by separately served on the parties as to whom the requests are being made.  Those portions of the Opposition are accordingly STRICKEN and need not be responded to by Defendants.

January 16, 2006.

> s/ **Michael R. Merz**
> Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).