# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALARIC F. SIMON,

      Plaintiff,

Case No. 3:05-cv-191

    -vs-

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

MIAMI COUNTY INCARCERATION
 FACILITY, et al.,

      Defendants.

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Motion to Dismiss or for Summary Judgment filed by the Miami County Defendants[1] (Doc. No. 41).  Plaintiff has filed an Opposition (Doc. No. 51) and an Amended Opposition (Doc. No. 54) and the moving Defendants have filed a Response in Support (Doc. No. 53).

Plaintiff was notified by the Court of the time for responding and of the quality of evidence required to be filed in response (Doc. No. 42).  Because the Motion relies on matters outside the pleadings, it will be treated as a motion for summary judgment.

---

[1] All Defendants represented as of the date of this Report by trial attorney Mark Landes: Defendants Sgt Robbins, Sgt (39) Kirk, Cpl (115) Clark, Cpl (87) Larger, Sgt (89) Swob, Cpl Chad (109 Mullinex, Merry Perry, Jim (107), Chris (125), Brian (82), Dave (121) Norman, Hardin, Tank (135), Jeff (123), TJ (157), Deter 66, Rob 126, Lee 102, Carth 105, Danora 120, Ed 119, Collins 132, Mote 64, Miami County Commission, Caleb, 152, Mike, Miami County Incarceration Facility, Charles A Cox, Cooper, and Dee.

1

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;  the requirement is that there be no *genuine* issue of *material* fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law.  Fed. R. Civ. P. 50).  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).  If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate.  *Id*.  The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

"If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n*., 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal*

*Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990).  Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

The facts set forth in this Report are admitted or established by evidence competent under Fed. R. Civ. P. 56(e) and not controverted by opposing competent evidence.

## Analysis

The moving Defendants analyze the Complaint as raising federal claims under 42 U.S.C. §1983 for deprivation of access to the courts, deprivation of access to mail, deprivation of the free exercise of religion, denial of adequate medical care, and denial of adequate food (Motion, Doc. No. 41).  They assert that no state law claims are pled.

In his original Response, the Plaintiff makes the following assertions:

1. He made many complaints about not receiving his medically prescribed diet (Response, Doc. No. 41, at 2).
2. He claims to have evidence that black and Hispanic inmates are punished more often and more severely than white inmates.  *Id*.
3. He claims he was repeatedly denied his religious rights which he can show by witnesses and documents.  *Id*.
4. He claims to have witnesses available to prove that the best food was served in the "white line" and the poorer food in the black and Hispanic line.  *Id*.
5. With respect to his access to courts claim, he alleges that Defendants repeatedly kept him

4

|   |   |
|---|---|
|   | from talking with inmate James Carr, whom he characterizes as a "jailhouse lawyer." *Id*. at 3. |
| 6. | Regarding mail, he claims that several times material was placed in his property to be given to him upon release without his consent and that on at least one occasion his mail was distributed to the general population; on another, he was denied access to his mail because of its religious content. *Id*. |
| 7. | He also claims he was charged excessive telephone charges. *Id*. |

In his Amended Response, Petitioner claims that

1. He was separated from Mr. Carr and not able to speak with his attorney, resulting in his conviction. (Doc. No. 54 at 3.)
2. He repeats allegations about being deprived of access to mail. *Id*.
3. He claims Defendants did not provide equal religious services to various faiths and denies Defendants' assertion that he was supplied with a Quran. *Id*. at 4.
4. Plaintiff claims he went six months without required medication because of an incorrect charge that he stole medications. *Id*. at 5.
5. With respect to diet, Plaintiff alleges failure to provide appropriate diabetic diets (without asserting or proving that he himself is diabetic) and that special diets for him were stopped and started for religious and non-religious reasons. *Id*. at 6.

None of Plaintiff's allegations in his Responses is supported by any evidence at all. Plaintiff was advised in the Court's Notice to him that a plaintiff facing a summary judgment motion could not rely on his pleadings, but was required to furnish admissible evidence to prove the allegations he made. At various points in his Responses, Plaintiff alleges that such evidence exists, but he has not filed any of it.

5

Plaintiff has failed to establish that there are any genuine issues of material fact because he has not offered any evidence in support of his factual allegations.  It is therefore respectfully recommended that the Motion for Summary Judgment be granted.

March 8, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).