# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALARIC F. SIMON,

        Plaintiff,  :  Case No. 3:05-cv-191

        -vs-  :  District Judge Thomas M. Rose
              Chief Magistrate Judge Michael R. Merz

MIAMI COUNTY INCARCERATION
FACILITY, et al.,
                                  :

        Defendants.

---

**REPORT AND RECOMMENDATIONS: EVERCOM'S MOTION TO DISMISS SHOULD BE GRANTED**

---

        This case is before the Court on Motion of Defendant Evercom Communications, Inc., to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2)( and (5) for lack of personal jurisdiction and insufficient service of process (Doc. No. 61).  Evercom asserted that Plaintiff's only effort at service was to direct the United States Marshal to leave the summons and complaint with Captain Cooper at the Miami County Incarceration Facility.  In his memorandum in opposition, Plaintiff conceded that that was what he had done and attached a new summons to be served on Evercom's counsel (Doc. No. 71).  In its Reply Memorandum, Evercom noted that this would also be insufficient service and that its counsel was not authorized to accept service of process on its behalf (Doc. No. 77).

        Plaintiff has now responded with what he entitles "Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment" (Doc. No. 85). In it he asks this Court to order Evercom to produce "the name and address of the agency head within 30 days of the filing of the Complaint in this action, under the Freedom of Information Act, 5 U.S.C. 552."

        Litigants proceeding *in forma pauperis* under 28 U.S.C. §1915 enjoy a privilege unique

1

among private parties: the services of the United States Marshal to make service. All other litigants except the United States Government must make their own service of process. To obtain this service, litigants need only complete an adequate summons and Marshal 285 form and supply them to the Court. The Clerk furnishes these forms on request to incarcerated litigants. It is the responsibility of the litigant to furnish the Marshal with instructions for service. Here the Plaintiff told the Marshal to serve Evercom by delivering the summons and complaint to the Miami County Incarceration Facility, which the Marshal did. While MCIF is apparently a facility at which Evercom provides service, having them served there would be somewhat like suing the City of Dayton about water distribution and telling the Marshal to leave the summons and complaint with someone at a place where Dayton delivers water.

Fed. R. Civ. P. 4(h) provides that process shall be served on a corporation by delivering it to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Manifestly, Captain Cooper at MCIF is not such a person, nor is Evercom's attorney in this case.

Plaintiff requests the Court to order Evercom to identify its "agency head" under the Freedom of Information Act. Evercom is not subject to the FOIA, which applies only to federal government agencies.

This is a very broad ranging jail conditions case. Along with his claims against Evercom, Plaintiff has sued regarding freedom of religious practice, racial segregation in housing, improper food, and improper health care, among other things. He has sued a total of thirty-nine defendants. It is of course Plaintiff's choice as to how to frame his case, but suing that many defendants on many different claims, all at the same time, presents difficulties in managing the case which would not be easy even for a person at liberty. While the Court is sympathetic with those difficulties, Defendants are also entitled to their procedural rights, among which is proper notice of the lawsuit. Here it is

clear that Evercom has not properly been served with process.  Plaintiff has not even now provided the Marshal with proper instructions for service on Evercom and the case has been pending since May 27, 2005.  Fed. R. Civ. P. 4(m) creates a presumption that a case should be dismissed if service has not been made within 120 days of filing, unless good cause has been shown.  Here Plaintiff has not shown good cause – the Marshal has been available and Evercom is not evading service.

Evercom's Motion is well taken: the Court does not have personal jurisdiction over Evercom and process has not been served on it.  Accordingly, it is respectfully recommended that the Complaint herein be dismissed without prejudice as to Defendant Evercom.

May 5, 2006.

$$\text{s/ Michael R. Merz}$$
$$\text{Chief United States Magistrate Judge}$$

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).