# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALARIC F. SIMON,

        Plaintiff,        :    Case No. 3:05-cv-191

  - vs -                            District Judge Thomas M. Rose
                                      Chief Magistrate Judge Michael R. Merz

MIAMI COUNTY INCARCERATION
 FACILITY, et al.,

        Defendants.       :

## REPORT AND RECOMMENDATIONS ON SUMMARY JUDGMENT MOTION OF PREMIER HEALTH DEFENDANTS

This case is before the Court on Motion for Summary Judgment of Defendants Premier Health Care Services, Inc.; Nurse Carol Ressler; Nurse Lisa Hagen; and Nurse Donna Stoddard (collectively, the "Premier Defendants") (Doc. No. 73). The Motion was filed April 7, 2006. On April 10, 2006, Plaintiff was notified of his duty to respond not later than May 1, 2006, and of the quality of evidence required in response (Order to Pro Se Plaintiff, Doc. No. 74). Although Plaintiff has filed three other motion papers in the interim, he has filed no response to the instant Motion.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On

a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id*. The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court

must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories,

and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.,* 260 F.3f 574, 581 (6th Cir. 2001). "Materiality is determined by the substantive law claim." *Boyd v. Baeppler,* 215 F.3d 594, 599 (6th Cir. 2000). An issue is genuine if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.,* 14 F.3d 1143, 1148 (6th Cir. 1994), quoting *Anderson,* 477 U.S. at 248. Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala,* 205 F.3d 937, 943 (6th Cir. 2000). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Simmons-Harris v. Zelman,* 234 F.3d 945, 951 (6th Cir. 2000), *rev'd on other grounds,* 536 U.S. 639 (2002). Thus, a factual dispute which is merely colorable or is not significantly probative will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States,* 991 F.2d 292, 296 (6th Cir.), *cert. denied* 510 U.S. 976 (1993); *see also, Int'l Union United Auto., Aerospace & Agriculture Implement Workers of America v. BVR Liquidating, Inc.,* 190 F.3d 768, 772 (6th Cir. 1999), *cert. denied* 529 U.S. 1076 (2000).

The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street,* 886 F.2d at 1479. A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson,* 477 U.S. at 252. If, after sufficient opportunity for discovery, the non-moving party is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp.,* 477 U.S. at 322-23.

The party who bears the burden of proof must present a jury question as to each element of the claim.  *Davis v. McCourt,* 226 F.3d 506, 511 (6th Cir. 2000).  Failure to prove an essential element of a claim renders all other facts immaterial for summary judgment purposes.  *Elvis Presley Enterprises v. Elvisly Yours, Inc.,* 936 F.2d 889, 895 (6th Cir. 1991).

The Court may grant summary judgment on the issue of causation when warranted.  *Bailey v. Floyd County Bd. or Education.,* 106 F.3d 135, 145 (6th Cir, 1997).  For example, reliance solely on the fact that an adverse employment decision occurred after the alleged protected conduct is insufficient.  *Id.* at 144-45.  "A mere scintilla of evidence is [likewise] insufficient" to create a genuine issue of material fact.  *Landham v. Lewis Galoob Toys, Inc.,* 277 F.3d 619, 622 (6th Cir. 2000).

The facts set forth in this Report are admitted or established by evidence competent under Fed. R. Civ. P. 56(e) and not controverted by opposing competent evidence.

**Analysis**

In the Complaint, Mr. Simon avers that the Premier Defendants displayed deliberate indifference to his serious diabetic medical needs and intentionally denied him adequate medical care and a proper medical diet. allegedly causing great suffering, pain, and risk of more serious complications (Complaint Doc. No. 3 at ¶2).

This language is sufficient in a *pro se* civil rights Complaint[1] to charge either a violation of Plaintiff's Fourteenth Amendment right to due process of law as a pretrial detainee or to charge

---

[1] The allegations of a *pro se* complaint are subjected to "less stringent standards than formal pleadings drafted by lawyers."  *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976), citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

medical malpractice under Ohio law as a pendent claim. At the conclusion of his Complaint, Mr. Simon invokes this Court's pendent jurisdiction, now known as supplemental jurisdiction, under 28 U.S.C. §1367.

A prisoner claiming that the conditions of his confinement violate the Eighth Amendment must show deliberate indifference by prison officials. In *Wilson v. Seiter,* 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), the Supreme Court applied the *Estelle v. Gamble* 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976), standard to all prison conditions cases. *Wilson* explains that there is an objective component to the inquiry (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable state of mind?). *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference is equivalent to criminal recklessness.

Intentional denial or indifference to medical care for the serious medical needs of an inmate is cruel and unusual punishment which is cognizable under 42 U.S.C. §1983. *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L.Ed. 2d 251 (1976). Deliberate indifference claims of pretrial detainees are cognizable under the Fourteenth as opposed to the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Graham v. County of Washtenaw*, 358 F. 3d 377(6th Cir. 2004).

To be successful, an Eighth Amendment medical claim must contain both an objective component, that the medical needs were sufficiently serious, *citing Rhodes v. Chapman*, 452 U.S. 337, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981); *McKinney v. Anderson,* 959 F. 2d 853, 854 (9th Cir.), *cert. granted,* 120 L. Ed. 2d 896 (1992); *Steading v. Thompson*, 941 F. 2d 498 (7th Cir. 1991), and a subjective component, that the prison officials were deliberately indifferent to the prisoners' needs, citing *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *McKinney*, 959 F.

2d at 854, and *Steading,* 941 F. 2d at 500. *Hunt v. Reynolds,* 974 F.2d 734 (6th Cir., 1992).

An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed. *Napier v. Madison County, Kentucky*, 238 F. 3d 739 (6th Cir. 2001), adopting standard in *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F. 3d 1176 at 1188 (11th Cir. 1994).

The Premier Defendants' Motion for Summary Judgment rests on the simple premise that if the medical care they provided to Plaintiff did not fall below the standard of professional care due from medical professionals to any person with Plaintiff's medical condition, they obviously cannot be guilty of the more serious violation of rights implicit in a claim of deliberate indifference. In support of their Motion, the Premier Defendants have submitted the Affidavit of Dr. William Cole, the physician responsible for Premier's provision of medical services, to show that none of the Premier Defendants committed any medical malpractice toward Plaintiff. Moreover, the note that under Ohio law,[2] which governs any pendent claim of medical malpractice, Plaintiff is required to support such a claim with expert testimony which he had not tendered. The deadline for Plaintiff to identify expert witnesses set in the Scheduling Order (Doc. No. 35)– January 31, 2006 – has passed.

## Conclusion

There are no genuine issues of material fact because Plaintiff has presented no expert

---

[2] In any supplemental or pendent claim, state substantive law provides the rules of decision. 28 U.S.C. §1652; *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 2d 1188 (1938).

prepared to testify he received substandard medical care and the Premier Defendants have presented testimony of the treating physician that the care given was not substandard.  On that state of the facts, the Premier Defendants are entitled to judgment as a matter of law.  Their Motion for Summary Judgment should be granted and Plaintiff's claims against them should be dismissed with prejudice.

May 12, 2006.

>                          s/ Michael R. Merz
>                    Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).